UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MILES G. BURGUESS,

                               Plaintiff,

                              v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                               Defendant.

_____

DECISION AND ORDER

17-CV-6204L

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On June 11, 2014, plaintiff, then 32 years old, filed an application for a period of disability and disability insurance benefits, alleging an inability to work since October 21, 2013. (Administrative Transcript, Dkt. #8 at 12). His application was initially denied. Plaintiff requested a hearing, which was held on December 21, 2015 via videoconference before Administrative Law Judge ("ALJ") Roxanne Fuller. The ALJ issued a decision on June 29, 2016, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #8 at 12-23). That decision became the final decision of the Commissioner when the Appeals Council denied review on February 28, 2017. (Dkt. #8 at 1-3). Plaintiff now appeals from that decision.

The plaintiff has moved (Dkt. #10), and the Commissioner has cross moved (Dkt. #13) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below,

the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

**DISCUSSION**

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

In determining whether the ALJ's decision rest on substantial evidence, "[t]he Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir. 1998) (quoting *Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997)). Still, "it is not the function of a reviewing court to decide *de novo* whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

The ALJ summarized plaintiff's medical records, particularly his treatment notes for bilateral shoulder tendinitis, bipolar disorder, depression and anxiety, which she concluded together constituted a severe impairment not meeting or equaling a listed impairment. After applying the special technique relevant to mental impairments, and considering the effect of

plaintiff's obesity, the ALJ determined that plaintiff has the residual functional capacity ("RFC")

to perform light work, including the capability of frequent reaching and overhead reaching with

both arms, and was limited to simple, routine, repetitive tasks, with no interaction with the public,

and only occasional, superficial interaction with coworkers and supervisors. (Dkt. #8 at 17).

When presented with this RFC at the hearing, vocational expert William Cody testified that such

an individual could perform the positions within the job categories of sorter, packer, and cleaner.

(Dkt. #8 at 64-65).

I believe the evidence supports the ALJ's findings concerning the nature and extent of

plaintiff's mental and physical limitations, and that her finding that the plaintiff was not disabled

was supported by substantial evidence and contained no legal error.

On appeal, plaintiff raises several objections to the ALJ's decision.

## I.      The ALJ's Determination of Plaintiff's Exertional Limitations

Plaintiff initially argues that the ALJ's finding concerning plaintiff's exertional limitations

– that plaintiff can perform light work with frequent reaching in any direction – is unsupported by

any medical opinion or other evidence of record.

In finding that plaintiff's shoulder pain was not as disabling as plaintiff claimed, and that

plaintiff retained the RFC to reach frequently in all directions, the ALJ gave significant

consideration to treatment records by one of plaintiff's treating physicians, orthopedist Dr. Kevin

Coughlin, which reflected normal reflexes and no focal weakness, loss of sensation or lack of

coordination in plaintiff's shoulders and/or arms. (Dkt. #8 at 284, 289, 298, 303, 246, 504).[1]

Objective testing of plaintiff's arm and shoulder function by other physicians, and via MRI scans,

---

[1] In her decision, the ALJ misattributed Dr. Coughlin's records to Dr. Rene Abderhalden, plaintiff's treating internist, whose name appears on the bottom of Dr. Coughlin's records as a person to whom copies should be sent. (Dkt. #8 at 19). Given that both Dr. Coughlin and Dr. Abderhalden are treating physicians, and that the ALJ's assessment and discussion of Dr. Coughlin's treatment notes was otherwise factually correct, the error appears to be harmless.

also typically reflected normal strength and range of motion, and/or no abnormalities. (Dkt. #8 at 277-78, 291-94, 583, 587). The ALJ also took note of plaintiff's conservative treatment for shoulder pain (exercises, analgesic injections, pain medications and anti-inflammatory medications), as well as several gratuitous comments by Dr. Coughlin that plaintiff was advised that he need not stop working, that he would be "better off" seeking vocational rehabilitation and/or retraining than applying for disability benefits, and that he would not be welcome to return to Dr. Couglin's office if he continued to refuse to seek retraining. (Dkt. #8 at 19, 281, 285-86, 295-96, 299).

Finally, the ALJ properly considered plaintiff's daily activities, such as driving, meal preparation, spending time "out in the woods a lot," and caring for children and pets, and found that they suggested a level of function at odds with plaintiff's testimony that he goes out "as little as possible," and is virtually housebound. (Dkt. #8 at 18, 50-55, 193-95, 715).

I find that the medical records, objective findings, opinion evidence, and testimony concerning daily activities that the ALJ cited comprise substantial evidence which supports the ALJ's finding that plaintiff has the exertional RFC to perform a range of light work, including the ability to frequently reach in all directions.

**II.      The ALJ's Assessment of Plaintiff's Treating Physician's Opinion**

Plaintiff also argues that the ALJ erred in declining to give controlling weight to the ten-pounds lifting restriction imposed in certain treatment notes by plaintiff's treating internist, Dr. Coughlin. *See e.g.*, Dkt. #8 at 305. Instead, the ALJ found plaintiff capable of light work, which involves lifting up to twenty pounds.

Initially, the context of the notes suggests that they reflected only a temporary restriction and appear to have been based solely on plaintiff's complaints of pain at the time. *See* Dkt. #8 at

295, 299 (November 11, 2013, "I provided him with a note indicating that he was to remain out of work until further notice when he was last seen . . . he is currently disabled"); 303 (December 2, 2013, "he may resume full-time light duty work December 9, 2013 with a lifting limit of 10 pounds . . . as tolerated"); 305, 308 (December 27, 2013, "[h]e [wa]s going to return to work with a restriction as simple as not lifting more than 10 pounds [but] that is not currently available . . . [lifting] restrictions [continue] through January 31, 2014").

Moreover, such a dramatic lifting restriction is inconsistent with the objective medical evidence of record, including repeated notations by Dr. Coughlin and others concerning plaintiff's "normal" strength, reflexes and range of motion in his upper extremities. (Dkt. #8 at 284, 289, 298, 303, 246, 504). Because there is no evidence of an ongoing lifting restriction that satisfies the durational requirement for disability, and because the record does not otherwise support a finding that plaintiff's upper extremity strength or range of motion have been appreciably compromised, the ALJ did not err in declining to incorporate a more restrictive lifting limitation into her RFC finding.

Moreover, to the extent that plaintiff suggests that conclusory notations in the record that he is "disabled" or "out of work" should have been treated by the ALJ as dispositive (and likewise, to the extent that the Commissioner relies on Dr. Coughlin's statements that plaintiff can work, and should be seeking employment or retraining instead of applying for disability benefits), such statements are not probative of the ultimate issue of disability. That determination is reserved for the Commissioner alone. *See Snell v. Apfel*, 177 F.3d 128, 133-34 (2d Cir. 1999) ("[t]he final question of disability is . . . expressly reserved to the Commissioner [which] relieves the Social Security Administration of having to credit a doctor's finding of disability").

**III.    The ALJ's Assessment of Plaintiff's Non-Exertional Limitations**

Plaintiff also contends that the ALJ failed to properly account for his limitations relative to time off-task and/or absent from work.    Specifically, plaintiff points to the opinions of: (1) consulting agency psychologist Dr. Sara Long, who opined that plaintiff had "moderate" limitations in understanding simple directions and performing simple tasks; (2) agency psychologist Dr. T. Harding, who found that plaintiff would have moderate limitations in attendance, punctuality, staying on schedule, and completing a normal workday or workweek without interruptions; and (3) plaintiff's treating psychiatrist, Dr. Sheikh Qadeer, who indicated that plaintiff would have significant limitations in attendance and would miss 4 or more days of work per month.    *See* Dkt. #8 at 81 (Dr. Harding: "ability to maintain attention and concentration [is] Moderately limited . . . ability to complete a normal workday and workweek without interruptions [is] Moderately limited"); 553 (Dr. Long: "[plaintiff] was able to maintain attention and concentration and is able to maintain a regular schedule"); 722-23 (Dr. Qadeer: plaintiff would be "off task . . . Greater than 20% [of the time] but less than 33%" and would miss "More than 4 days per month" from work due to bad days").

First, the Court is unconvinced that the opinions of Dr. Long and Dr. Harding indicate serious issues with attention and attendance.    Both describe no more than "moderate," generalized issues in those areas.    The RFC determined by the ALJ, which limits plaintiff to simple, routine work, sufficiently accounts for such limitations, and "the record [i]s clear that the ALJ took into account the relevant evidence on these limitations in formulating [plaintiff's RFC]."    *Cohen v. Colvin*, 2014 U.S. Dist. LEXIS 146688 at *30 (S.D.N.Y. 2014) (ALJ did not err by failing to expressly include moderate limitations in attention and attendance in hypothetical posed to VE, where the ALJ's RFC finding is otherwise supported by substantial evidence and the ALJ did not

overlook the relevant evidence), *aff'd*, 643 Fed. Appx. 51 (2d Cir. 2016) ("[a]lthough the hypothetical posed to the vocational expert did not explicitly reference [plaintiff's moderate] limitations [in satisfying attendance standards], it implicitly accounted for them otherwise" by limiting plaintiff to low stress work with limited interaction with others).

With regard to Dr. Qadeer's September 23, 2016 opinion that plaintiff would be off task 20-33% of the workday and would miss 4 days of work per month, which plaintiff argues the ALJ ignored, that opinion was not made part of the record until it was submitted to the Appeals Council, several months after the ALJ's decision was rendered. (Dkt. #8 at 722-23). In any event, that opinion was only an exaggerated restatement of the same limitations listed in a prior assessment by Dr. Qadeer, which the ALJ appropriately rejected as inconsistent with other evidence of record. *See e.g.,* Dkt. #8 at 680 (opining on November 24, 2015 that plaintiff would be off task 10-15% of the time and would miss 3 or more days of work per month, due to his diagnosis of [illegible one-word answer]). The Court observes that neither of Dr. Qadeer's opinions provided any elaboration or explanation for the limitations he indicated, and were unsupported by any listed diagnosis, treatment record references or objective testing. In declining to credit Dr. Qadeer's 2015 opinion as inconsistent with the weight of the evidence, the ALJ cited plaintiff's conservative treatment history, Dr. Long's conflicting clinical opinion (which unlike Dr. Qadeer's, did include a narrative description of her findings and the bases therefor), and plaintiff's daily activities. (Dkt. #8 at 21). The Court finds no error with the ALJ's reasoning with regard to her analysis of Dr. Qadeer's opinion, and no deficiencies in the substantiality of the evidence she cited.

In sum, while "the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in [her] decision, [she is] entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*, 508

Fed. Appx. 53, 56 (2d Cir. 2013) (unpublished opinion). Furthermore, it is "not require[d] that [the] ALJ have mentioned every item of testimony presented to h[er] or have explained why [s]he considered particular evidence unpersuasive or insufficient to lead h[er] to a conclusion of disability." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir.1983). Here, the ALJ discussed the medical opinion evidence in detail, set forth her reasoning for the weight afforded to each opinion, and cited and discussed specific evidence in the record which supported each of her determinations. As such, I do not find that the ALJ improperly substituted her "own expertise or view of the medical proof [in place of] any competent medical opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015).

## IV. The ALJ's Step Five Determination

Plaintiff also argues that the vocational expert's testimony did not describe sufficiently "reliable job numbers to conclude that jobs exist in significant numbers [that plaintiff can perform]." (Dkt. #10-1 at 21). Specifically, plaintiff argues that the job titles given by the VE were representative titles within larger job groups (e.g., "packer"), and that the numbers of positions described by the VE were for the group and not for a specific title, and thus were not tailored sufficiently to the RFC given by the ALJ.

Upon review of the VE's testimony (Dkt. #8 at 63-68), I do not find that the VE's testimony "introduce[s] any meaningful uncertainty" as to whether there are positions existing in significant numbers in the national economy that plaintiff can perform. *Kennedy v. Astrue*, 343 Fed. Appx. 719, 722 (2d Cir. 2009) (unpublished opinion). There is no evidence that plaintiff's RFC does not permit him to perform all of the positions within each category described by the VE, for which numbers of positions nationwide were given. To the contrary, when pressed on the point by plaintiff's counsel, the VE testified that although he had given DOT position numbers for

a representative job in, for example, the packer position (with 150,000 packer jobs of all sorts nationwide), all such positions were unskilled and involved the same vocational preparation requirements.

I have considered the rest of the plaintiff's claims, and find them to be without merit.


**CONCLUSION**

For the forgoing reasons, I find that the ALJ's decision was supported by substantial evidence, and was not based on legal error.   The plaintiff's motion for judgment on the pleadings (Dkt. #10) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #13) is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed in its entirety.

IT IS SO ORDERED.


_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      July 25, 2018.